IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason A. Cambron, #Y316765, ) | Civil Action No.: 3:11-1229-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Paul C. Drago, Sherrill Colegrove, and ) | |
| Richard Cothran, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

In this case, Plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to 42 U.S.C. § 1983.[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On October 21, 2011, Defendants filed a motion for summary judgment arguing that they were entitled to judgment as a matter of law. (Dkt. No. 18). On October 25, 2011, the Magistrate Judge issued a *Roseboro* Order instructing Plaintiff that he had thirty-four days to respond to the Defendants' motion for summary judgment. (Dkt. No. 21). The *Roseboro* Order stated that the Court may grant Defendants' motion for summary judgment if Plaintiff did not file a response by the deadline. (*Id.*). Notwithstanding these instructions, Plaintiff did not file a response to Defendants' motion by the December 1, 2011 deadline. On January 13, 2012, the Magistrate Judge issued an Order asking Plaintiff to advise the Court whether he wished to continue with the case, and instructing Plaintiff that the Magistrate Judge would recommend that the case be dismissed for failure to prosecute if Plaintiff did not file a response within fifteen

---

[1] Plaintiff claims that Defendants violated his right under the Eighth Amendment to be free from cruel and unusual punishment. (Dkt. No. 1 at 2). Plaintiff claims that he suffered a shoulder injury on October 23, 2010, when he fell from his sink (*id.* at 3) and that Defendants did not give him proper medical care for the injury. (*Id.* at 3-5).

days from the date of the order. (Dkt. No. 25). To this date, Plaintiff has not filed any response to the Magistrate's Order or Defendants' motion for summary judgment.

On February 6, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's action be dismissed with prejudice for lack of prosecution. (Dkt. No. 28). The Magistrate Judge instructed Plaintiff of the deadline for filing objections to the Report and Recommendation and the serious consequences for failing to do so. (*Id.* at 3). Notwithstanding these instructions, Plaintiff did not file a response to the Report and Recommendation by the deadline.

### Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge. As the Magistrate Judge explained in his Report and Recommendation, Plaintiff has failed to prosecute this case and meets all criteria for dismissal

under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). Accordingly, this case is dismissed with prejudice.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

February 24, 2012
Charleston, South Carolina